JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
TIA-Clair Toomey

### DEFENDANTS
Matt O'Keefe

(b) County of Residence of First Listed Plaintiff: Hamilton
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Essex
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Evans Harrison Hackett PLLC, 835 Georgia Ave., Suite 800, Chattanooga, TN 37402

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [x] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [x] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | PERSONAL PROPERTY | | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [x] 370 Other Fraud | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | | [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | [ ] 362 Personal Injury - Medical Malpractice | | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| | | | | [ ] 863 DIWC/DIWW (405(g)) | |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | Habeas Corpus: | [ ] 791 Employee Retirement Income Security Act | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | | Other: | [ ] 462 Naturalization Application | | |
| | [ ] 446 Amer. w/Disabilities - Other | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [ ] 1 Original Proceeding
- [x] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Section 1441 and 1446

Brief description of cause:
Declaratory Judgment, Fraud

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 9,000,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [x] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER 23-0796

DATE: 12/04/2023

SIGNATURE OF ATTORNEY OF RECORD: /s/ Scott Shaw

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

TIA-CLAIR TOOMEY,

          Plaintiff,      CASE NO. 1:24-CV-18

vs.

MATT O'KEEFE,

          Defendant.
_____/

## DEFENDANT'S NOTICE OF REMOVAL

Defendant, Matt O'Keefe, pursuant to 28 U.S.C. §§ 1441 and 1446, hereby files this Notice of Removal of the above captioned case from the Chancery Court of Hamilton County, Tennessee, in which it is now pending, to the United States District Court for the Eastern District of Tennessee and, as grounds, state as follows:

### Statement of Grounds for Removal

1. Plaintiff, Tia-Clair Toomey, commenced this action by filing a Complaint against Defendant in the Chancery Court of Hamilton County, Tennessee, Docket No. 23-0796, on or about December 4, 2023. In accordance with 28 U.S.C. § 1446(a), filed herewith as Exhibit 1 are copies of all process and pleadings served upon Defendant in this action.

2. Defendant was served with the Summons and Complaint in this action on December 21, 2023. This Notice of Removal is being filed within thirty (30) days after Defendant was served with the Summons and Complaint and is, therefore, timely filed pursuant to 28 U.S.C. § 1446(b).

3. The Court has original jurisdiction over this claim pursuant to 28 U.S.C. § 1332, which provides that "[t]he district courts shall have original jurisdiction of all civil actions where

the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . .citizens of different States . . . ."

4. Plaintiff's Complaint seeks declaratory relief pursuant to T.C.A. § 29-14-101 *et seq.* and injunctive relief pursuant to T.C.A. § 29-5-301 *et seq.* (Ex. 1 at 5-6.) Plaintiff also asserts claims for constructive fraud, conversion, fraud, intentional infliction of emotional distress, negligent infliction of emotional distress, intentional interference with a business relationship, intentional interference with a contractual relationship, malicious harassment, misrepresentation by concealment, and negligent misrepresentation. (Ex. 1 at 5.) For these claims, Plaintiff alleges that she has suffered actual damages in the amount of $1,500,000. (Ex. 1 at 6.)

5. Plaintiff, Tia-Claire Toomey, is a citizen of the State of Tennessee.

6. Defendant, Matt O'Keefe, is a citizen of the Commonwealth of Massachusetts. Accordingly, there is complete diversity of citizenship between the parties.

7. Because the amount in controversy in this action exceeds $75,000 and Plaintiff and Defendant are citizens of different States, Defendant properly may remove the action to this Court pursuant to 28 U.S.C. § 1441(a) and (b).

8. Written notice of the filing of this Notice of Removal has been served upon Plaintiff, the adverse party, on the date set forth in the Certificate of Service below.

9. A copy of this Notice of Removal has been filed with the Clerk of the Chancery Court of Hamilton County, Tennessee, pursuant to 28 U.S.C. § 1446(d). A copy of Defendant's Notice of Filing this Notice of Removal in the state court is attached hereto as Exhibit 2.

10. This Notice has been signed by counsel for Defendant pursuant to Rule 11 of the Federal Rules of Civil Procedure.

2

Case 1:24-cv-00018-CEA-SKL   Document 1   Filed 01/19/24   Page 3 of 19   PageID #: 3

WHEREFORE, Defendant, Matt O'Keefe, respectfully requests that this case be removed from the Chancery Court of Hamilton County, Tennessee to the United States District Court for the Eastern District of Tennessee and that this Court assume jurisdiction over this civil action pursuant to 28 U.S.C. § 1441-49.

Respectfully submitted,

EVANS HARRISON HACKETT PLLC

By: _____
Scott M. Shaw, BPR No. 019171
835 Georgia Avenue, Suite 800
Chattanooga, TN 37402
Telephone:  423-648-7890
Facsimile:  423-648-7897
Email: sshaw@ehhlaw.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via email and U.S. Mail this 19th day of January, 2024 upon Ronald J. Berke, Esq. (email: ronnie@berkeattys.com), Berke, Berke, & Berke, 420 Frazier Avenue, Post Office Box 4747, Chattanooga, TN 37450.

_____
Scott M. Shaw

# State of Tennessee
## In the Chancery Court of Hamilton County, Tennessee

| | |
|---|---|
| TIA-CLAIR TOOMEY ) | Docket No. 23-0796 |
| Plaintiff, ) | |
| ) | Part _____ |
| v. ) | |
| ) | |
| MATT O'KEEFE ) | |
| ) | |
| Defendant. ) | |

# SUMMONS

TO: Matt O'Keefe
17 Robin Hill Rd.
Danvers, MA 01923

*You are hereby notified that you will be subject to appearance in the State of Tennessee for the purpose of giving a pre-trial discovery deposition upon proper notice being given pursuant to TCA § 20-2-203 (e).*

**SERVE THROUGH THE SECRETARY OF STATE**

You are hereby summoned to answer and make defense to a bill of complaint which has been filed in the Chancery Court of Hamilton County, Tennessee in the above styled case. Your defense to this complaint must be filed in the office of the Chancery Court Clerk of Hamilton County, Tennessee on or before thirty (30) days after service of this summons upon you. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

WITNESSED and Issued this 4 day of December 2023.

ROBIN MILLER, CLERK AND MASTER

By /s/ Wendi Say
Clerk

**ATTORNEYS FOR PLAINTIFF:** Ronald J. Berke, Esq.
Berke, Berke, & Berke
420 Frazier Avenue
Post Office Box 4747
Chattanooga, TN 37450
Email: ronnie@berkeattys.com
423.266.5171 (Tel) 423.265.5307 (Fax)

**PLAINTIFF'S ADDRESS:** _____

Received this _____ day of _____ 2023.

/S/ _____
Deputy Sheriff

A TRUE COPY
ROBIN L. MILLER, Clerk & Master
Chancery Court, Hamilton County, Tennessee
This 4 day of December 20 23
By: /s/ DC&M

EXHIBIT 1

**State of Tennessee,**
County of Hamilton

I, Larry L. Henry, Clerk of the Circuit Court in and for the State and County aforesaid, hereby certify that the within and foregoing is a true and correct copy of the original writ of summons issued in this case.

ROBIN MILLER, CLERK AND MASTER

By_____D.C

## OFFICERS RETURN

I here by certify that I served this summons together with the complaint as follows:

☐ On, _____, 2023, I delivered a copy of the summons and complaint to the defendant, _____.

☐ Failed to serve this summons within 30 days after its issuance because, _____.

_____, Sheriff

By:_____
Deputy Sheriff

### RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the \_\_\_\_ day of _____ I sent postage prepaid, by registered return receipt or certified return receipt mail, a certified copy of the summons and a copy of the complaint in Case No._____ to the Plaintiff, _____. On the \_\_\_\_ day of _____, I received the return receipt for said registered or certified mail, which had been signed by _____ on the \_\_\_\_ day of _____. Said return receipt is attached to this original summons and both documents are being sent herewith to the Circuit Court Clerk for filing.

_____
ATTORNEY or Other Person Authorized
By Statute to Serve Process

Sworn to and Subscribed Before Me on
This \_\_\_\_ day of _____, 2023.

_____
Notary Public or Deputy Clerk
My commission expires on:_____

### NOTICE TO DEFENDANT (S)

Tennessee law provides a four thousand dollar ($4,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued in the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

IN THE CHANCERY COURT OF HAMILTON COUNTY, TENNESSEE

| | |
|---|---|
| TIA-CLAIR TOOMEY | ) |
| Plaintiff, | ) DOCKET NO: 23-0796 |
| v. | ) PART _____ |
| MATT O'KEEFE | ) |
| Defendant. | ) |

## COMPLAINT

Your Plaintiff, Tia-Clair Toomey, sues the Defendant, Matt O'Keefe, and for her cause of action would allege the following facts to wit:

I.

The Plaintiff is a world class athlete. She won the CrossFit games six consecutive times, won gold in weightlifting at the Commonwealth Games, participated in the 2016 Summer Olympics in Rio de Janeiro in weightlifting and in 2022 participated in the Winter Olympics in China as the pusher of a bobsled team for Australia.

II.

In July 2019, the Plaintiff signed a representation agreement with Loud and Live Fitness, LLC to represent her in relation to sport related contracts, marketing contracts, endorsement agreements, sponsorship agreements, personal appearances and other brand and promotional type engagements to which she became a party. A copy of the Representation Agreement is attached hereto and marked Exhibit 1.

III.

At the time of the signing of Exhibit 1, the Plaintiff lived in Tennessee and signed the agreement in Chattanooga, Hamilton County, Tennessee.

IV.

Pursuant to paragraph 4 of the Representation Agreement, the Plaintiff gave notice in the fall of 2021 that she was canceling the agreement effective July 1, 2022. The agreement was cancelled as of that date.

V.

The Defendant Matt O'Keefe is not a party to the Representation Agreement and the Plaintiff has no written or oral agreement with Matt O'Keefe. Matt O'Keefe, however, claims that the Plaintiff owes him money pursuant to Exhibit 1. Matt O'Keefe is not a party to Exhibit 1 and cannot be assigned the contract. Paragraph 8 of the contract states that the contract can only be assigned to an affiliate or a purchaser of all or substantially all of the assets of Loud and Live. The Defendant is neither an affiliate nor has he purchased substantially all of the assets of Loud and Live who is still in business.

VI.

Even though the Defendant has not been validly assigned the contract, he has hired lawyers to threaten to take the Plaintiff to arbitration in Miami if she does not pay him a substantial sum of money. Although the Defendant's wife is an attorney, a different firm has filed for an arbitration with JAMS as the parties know that a JAMS arbitration is expensive regardless of who wins. The Defendant has been attempting to extort money from the Plaintiff not only by threatening an expensive arbitration but also knowing that bad publicity would hurt her brand name.

## VII.

The Plaintiff and Defendant have no agreement to arbitrate and the Plaintiff will be asking for a stay on the arbitration pursuant to T.C.A. § 29-5-301 *et seq*. Although the Defendant has filed an arbitration in Miami, there has been no prior lawsuit filed.

## VIII.

Loud and Live is not a party to this suit and is not a party to the arbitration.

## IX.

Even if the Defendant had been assigned the contract, the Defendant did not follow the provisions of the Representation Agreement which were required prior to filing an arbitration.

## X.

In claiming he can sue the Plaintiff under Exhibit 1, the Defendant has embarked on a period of extortion and harassment of the Plaintiff. Plaintiff alleges that the Defendant knew that the bad publicity would adversely affect the Plaintiff's reputation and income. He further knew or should have known that it would cause her severe worry and mental distress.

## XI.

Plaintiff further alleges that the Defendant is liable to the Plaintiff for constructive fraud, conversion, fraud, intentional infliction of emotional distress, negligent infliction of emotional distress, intentional interference with a business relationship, intentional interference with a contractual relationship, malicious harassment, misrepresentation by concealment and negligent misrepresentation.

Premises considered, Plaintiff prays that pursuant to T.C.A. § 29-14-101 *et seq* that the Court declare the rights and responsibilities of the parties pursuant to Exhibit 1. Plaintiff asks for a declaratory judgment that the Defendant does not have any rights under Exhibit 1. If the Court

finds that the Defendant has any rights under Exhibit 1, the Plaintiff asks the Court to declare what rights and liabilities exist under the contract.

Since the Plaintiff denies that there is any agreement to arbitrate, the Plaintiff asks the Court to issue a stay enjoining the Defendant from proceeding with his arbitration. The Plaintiff relies on T.C.A. § 29-5-301 *et seq* for this relief.

Plaintiff further sues the Defendant for compensatory damages in the amount of $1,500,000.00 and punitive damages in the amount of $7,500,000.00.

BERKE, BERKE & BERKE

By: _____
Ronald J. Berke, BPR#1741
420 Frazier Avenue
P.O. Box 4747
Chattanooga, TN 37405
(423) 266-5171 – Telephone
(423) 265-5307 – Facsimile

*Attorneys for Plaintiff*

A TRUE COPY
ROBIN L. MILLER, Clerk & Master
Chancery Court, Hamilton County, Tennessee
This 4 day of December 20 23
By: _____ DC&M

ENDORSED
Filed December 4 20 23
ROBIN L. MILLER, Clerk & Master
By: _____ DC&M



### Representation Agreement

This Representation Agreement (this "Agreement") is made and entered into as of ___July___, 2019, by and between Loud and Live Fitness LLC, a Florida limited liability company ("Company"), and ___Tia-Claire Toomey___ an individual ("Athlete" and collectively with Company, the "Parties" and each a "Party").

**Agreement**

1. **Services.**

    1.1. Athlete hereby retains Company, and Company hereby agrees to be retained by Athlete, as Athlete's sole and exclusive representative to advise, counsel and assist Athlete with negotiations, procurements, executions and related actions in connection with any fitness or other sport related contracts, marketing contracts, endorsement agreements, sponsorship agreements, personal appearances and other brand and promotional type engagements to which Athlete becomes a party on or after the date of this Agreement (each, an "Athlete Transaction" and collectively, the "Athlete Transactions").

    1.2. Upon Athlete's request, Company shall provide, or provide referrals to third parties who may provide, supplementary services to Athlete, including, without limitation, legal, administrative, tax, financial services and other supplementary services. If Company provides any such supplementary services to Athlete, Athlete shall pay to Company such fees as may be agreed to by Company and Athlete. If Company provides third party referrals for any such supplementary services and Athlete contracts with any such third parties, Athlete shall be responsible for any fees due to such third parties in connection with the provision of such supplementary services.

2. **Compensation and Collection.**

    2.1. Company shall be entitled to ten percent (10%) ("Company Fee") of any and all compensation and remuneration due to Athlete or its designees in connection with each Athlete Transaction, including, without limitation, salary, signing bonuses, incentive and performance clauses, incentive based awards, payments in kind, shares of revenues or profits, equity interests, things of value and any other forms of compensation or remuneration, irrespective of whether any such compensation or remuneration is conditioned, contingent, deferred or deferrable; provided that, unless otherwise agreed to in writing by the Parties, Company shall not be entitled to a percentage of any amounts earned or won by Athlete at fitness competitions or similar competitive events. The Company Fee shall remain constant and unchanged, unless otherwise agreed to in writing by the Parties, with respect to each Athlete Transaction, irrespective of the amount of work put into the procurement, negotiation and execution of such Athlete Transaction by Company; provided further that, unless otherwise agreed to in writing by the Parties, Company shall be entitled to the Company Fee with respect to an Athlete Transaction even if Company does not assist with the procurement, negotiation and execution of such Athlete Transaction. If Athlete willfully defaults under or terminates without cause any Athlete Transaction and such Athlete Transaction is terminated or the remuneration otherwise due to Athlete in connection therewith is in any way reduced as a result, Athlete shall pay to Company the full Company Fee that would have ultimately been due to Company if such default, termination or reduction in remuneration had not occurred.

    2.2. Athlete hereby appoints Company as its agent to request, demand, collect and receive all amounts due and payable to Athlete in connection with each Athlete Transaction. In connection therewith, with the prior consent of Athlete, which consent shall not be unreasonably withheld or delayed, Company shall have the authority but not the obligation to institute legal proceedings on behalf of Athlete for the collection of unpaid remuneration due to Athlete.

TT
1 of 5

**EXHIBIT 1**

Company shall deduct the Company Fee and other amounts then due to Company by Athlete from any such collection and promptly pay the remainder to Athlete. Athlete shall be entitled to review reasonably detailed monthly statements of the amounts collected by Company on Athlete's behalf upon Athletes reasonable request, which requests shall not exceed one per month.

3. Exclusivity.

   3.1. As stated in Section 1.1, Company shall be Athlete's sole and exclusive representative to advise, counsel and assist Athlete in all respects in relation with Athlete Transactions. Athlete agrees to seek such services solely and exclusively from Company and not to engage any other representative to render similar services during the term of this Agreement without the prior written consent of Company. If Company provides such written consent, Company shall be entitled to the Company Fee in connection with any Athlete Transactions which may arise from the efforts of such other representative unless otherwise agreed to in writing by Company. The territory covered by this Agreement and subject to this exclusivity is the entire world. This Section is a material inducement to Company entering into this Agreement.

   3.2. Company's services under this Agreement are not exclusive. Company shall at all time have the right to render the same or similar services to other athletes and persons whose talents may be similar to or may be in competition with Athlete, or to have and pursue business interests which may be similar to those of Athlete, as well as engage in any and all other business activities. Moreover, Company is not required to devote the entire time of Company or the entire time of any of Company's employees to Athlete's affairs, and Company may, at any time, delegate its powers and responsibilities hereunder to others in Company's employ in its discretion.

4. Term.

   4.1. The term of this Agreement shall commence on the date hereof and shall continue in full force and effect for a period of one (1) year unless sooner terminated as provided herein (the "Initial Period"). Upon expiration of the Initial Period or the then current Renewal Period, this Agreement shall automatically renew in one (1) year increments (each a "Renewal Period" and collectively, the "Renewal Periods") unless either Party provides written notice to the other Party of its intent not to renew at least thirty (30) days prior to the expiration of the Initial Period or the then current Renewal Period, as the case may be.

   4.2. Upon any election not to renew this Agreement by either Party, Company shall remain entitled to Company Fees in connection with all Athlete Transactions then in existence, and Athlete covenants to promptly pay such Company Fees to Company upon receipt thereof by Athlete or its representatives. The provisions of this Section shall survive the expiration or earlier termination of this Agreement.

5. Termination.

   5.1. Termination by Company.

   (a) Company may terminate this Agreement if Athlete materially breaches this Agreement and fails to cure such material breach within fifteen (15) days after receipt of written notice of such material breach from Company.

   (b) Notwithstanding Section 5.1(a), Company shall have the right to terminate this Agreement immediately without prior written notice upon the occurrence of any of the following events: (A) Athlete shall have committed an act of misconduct (illegal or otherwise) in the reasonable estimation of the Company or shall have been charged with any act which constitutes a felony under the laws of any foreign or domestic federal, state or local governmental authority; or (B) for any other reason, if, in the reasonable estimation of Company, the continued existence or performance of this Agreement could damage or bring into disrepute the business, reputation or goodwill of Company.

T.T

2 of 85

5.2. **Termination by Athlete.** Athlete may terminate this Agreement if Company materially breaches this Agreement and fails to cure such material breach within fifteen (15) days after receipt of written notice of such material breach from Athlete.

5.3. **Effect of Termination.** Upon any termination of this Agreement, Company shall remain entitled to Company Fees in connection with all Athlete Transactions in existence as of the effective date of such termination for the duration of the term of such Athlete Transactions, and Athlete covenants to promptly pay such Company Fees to Company upon receipt thereof by Athlete or its designees. If Athlete willfully defaults under or terminates without cause any such Athlete Transaction after the effective date of termination of this Agreement and such Athlete Transaction is terminated or the remuneration otherwise due to Athlete in connection therewith is in any way reduced as a result, Athlete shall pay to Company the full Company Fee that would have ultimately been due to Company as if such default, termination or reduction in remuneration had not occurred. The provisions of this Section shall survive the expiration or earlier termination of this Agreement.

6. **Costs and Expenses.** Company shall be entitled to deduct all reasonable costs and expenses incurred by Company in connection with the Athlete Transactions and the provision of Company's services as contemplated herein from amounts collected on behalf of Athlete pursuant to Section 2.2. Alternatively, Athlete shall promptly reimburse Company for all reasonable costs and expenses incurred by Company in connection with the Athlete Transactions and the provision of Company's services as contemplated herein. Without limiting the foregoing, any costs and expenses of Company which should reasonably be expected to exceed $1,000 shall require the prior approval of Athlete. The provisions of this Section shall survive the expiration or earlier termination of this Agreement.

7. **Representations and Warranties.** Athlete represents and warrants that (a) Athlete is not under any pre-existing obligation in conflict or in any way inconsistent with the provisions of this Agreement and (b) Athlete's performance of all the terms of this Agreement will not breach any agreement to which Athlete is a party, including any exclusivity provision thereof.

8. **Assignment; Delegation.** All of the provisions herein shall be binding upon and inure to the benefit of the parties hereto and their respective successors and assigns. Company may assign this Agreement and delegate the performance of any of its obligations hereunder to any of its affiliates or any purchaser of all or substantially all of its assets at any time without written notice to Athlete. Athlete may not assign this Agreement or any of its rights hereunder, or delegate the performance of any of its obligations hereunder, without the prior written consent of Company, which consent may be withheld by Company.

9. **Independent Counsel.** Each Party hereby acknowledges that it has sought or has had the opportunity to seek independent legal counsel with respect to this Agreement. By executing this Agreement, each Party acknowledges that he, she or it has engaged independent counsel to review the terms and conditions of this Agreement or that he, she or it has independently chosen not to engage counsel to represent him, her or it in this matter.

10. **Construction and Interpretation.** Should any provision of this Agreement require interpretation in connection with a Dispute, the Parties hereto agree that the person(s) interpreting or construing the same shall not apply a presumption that the terms hereof shall be more strictly construed against one Party by reason of the rule of construction that a document is to be more strictly construed against the Party that itself, or through its representatives, prepared the same, and it is expressly acknowledged and agreed that the Parties and each of their representatives, legal or otherwise, have participated in the preparation hereof.

11. **Severability.** The invalidity of any one or more of the words, phrases, sentences, clauses or sections contained in this Agreement shall not affect the enforceability of the remaining portions of this Agreement or any part thereof, all of which are inserted conditionally on their being valid in law, and, in the event that any one or more of the words, phrases, sentences, clauses or sections contained in this Agreement shall be declared invalid, this Agreement shall be construed as if such invalid word or words, phrase or phrases, sentence or sentences, clause or

T.T
3 of 65

clauses, or section or sections had not been inserted. If such invalidity is caused by length of time or size of area, or both, the otherwise invalid provision will be considered to be reduced to a period or area which would cure such invalidity.

12. <u>Governing Law; Dispute Resolution</u>. This Agreement shall be governed by and interpreted in accordance with the laws of the State of Florida. If any controversy or claim arising out of or relating to this Agreement, or the breach of any term hereof, cannot be settled through direct discussions (a "<u>Dispute</u>"), the Parties agree to endeavor to first settle the Dispute by mediation conducted in the County of Miami-Dade and administered by JAMS under its applicable rules, before commencing any proceedings permitted under this paragraph. If the Dispute is not otherwise resolved through direct discussions or mediation, the controversy or claim, including the scope or applicability of this agreement to arbitrate, shall be resolved by binding confidential arbitration (the "<u>Arbitration</u>") conducted in the County of Miami-Dade, Florida and administered by JAMS in accordance with the Streamlined Arbitration Rules and Procedures of JAMS or subsequent versions thereof, including the optional appeal procedure (the "<u>JAMS Rules</u>"), the JAMS Rules for selection of an arbitrator shall be followed, except that the arbitrator shall be an experienced arbitrator licensed to practice law in Florida or a retired judge. Judgment on the award issued in the arbitration may be entered in any court having jurisdiction. The Parties agree that any Dispute or Arbitration, as well as the terms of the resolution of any such Dispute or Arbitration, will be strictly confidential and shall not be disclosed to any third parties during the pendency or following the resolution of the Dispute or Arbitration unless both Parties consent in writing prior to such disclosure. In the event of any Arbitration, the prevailing Party will be entitled to recover its reasonable attorneys' fees and other costs of collection from the non-prevailing Party. The Parties shall be entitled to (a) commence legal proceedings in the Federal or State courts sited in the State of Florida, Miami-Dade County seeking such mandatory, declaratory or injunctive relief as may be necessary to define or protect the rights and enforce the obligations contained herein pending the settlement of a Dispute in accordance with the arbitration procedures set forth above, (b) commence legal proceedings in any Federal or State court or tribunal sited in a jurisdiction in which any Party conducts business or holds assets involving the enforcement of an arbitration decision or award arising out of this Agreement and (c) join any arbitration proceeding arising out of this Agreement with any other arbitration proceeding arising out of this Agreement and that none of the foregoing requests shall be deemed incompatible with, or a waiver of, the agreement to resolve Disputes in accordance with this Section. Any such proceeding shall be a jury-waived proceeding and THE PARTIES HEREBY EXPRESSLY WAIVE ANY RIGHT TO TRIAL BY JURY WITH RESPECT TO ANY SUCH PROCEEDING. The Parties agree that any violation of this Agreement shall be enforced pursuant to and in accordance with this Section. The provisions of this Section shall survive the expiration or earlier termination of this Agreement.

13. <u>Counterparts</u>. This Agreement may be executed in as many counterparts as necessary or convenient, and by the different parties on separate counterparts each of which, when so executed, shall be deemed an original but all such counterparts shall constitute but one and the same agreement.

[Signature Page Follows]

4 of 45

A.T.

IN WITNESS WHEREOF, the undersigned parties have executed this Representation Agreement as of the date first above written.

Company:

Loud and Live Fitness LLC

By: *[signature]*
Name: Matthew R. O'Keefe
Title: President

Athlete:

*[signature]*
Name: TIA-CLAIR TOOMEY

[Signature Page to Representation Agreement]

5 of 5

 

**CLERK & MASTER**
**CHANCERY COURT OF TENNESSEE**
**ELEVENTH JUDICIAL DISTRICT OF TENNESSEE**
**CHATTANOOGA, TENNESSEE**

# AMERICANS WITH DISABILITIES ACT NOTICE
42 U.S.C. 12131, et seq., T.C.A. § 16-3-803, Tennessee Supreme Court Rule 45

The AMERICANS WITH DISABILITIES ACT (ADA) prohibits discrimination against any qualified individual with a disability. The Tennessee Judicial Branch does not permit discrimination against any individual on the basis of physical or mental disability in accessing its judicial programs. In accordance with the ADA, the Tennessee Judicial Branch will provide reasonable modifications, if necessary, in order for any qualified individual with a disability to access all of its programs, services and activities.

If you require a modification to access the judicial program or have special needs because of a qualified disability, you must submit a written REQUEST FOR MODIFICATION to the Local Judicial Program ADA Coordinator listed below at least **five business days prior** to the date for which the modification is sought.

For ADA information or assistance **ONLY**, contact:

**Local Judicial Program ADA Coordinator**
**Vince Dean, Criminal Court Clerk**
**102 Courts Building**
**600 Market Street**
**Chattanooga, TN 37402**
**(423) 209-7500**
**VinceD@HamiltonTN.gov**

THE TENNESSEE JUDICIAL BRANCH AMERICANS WITH DISABILITIES ACT POLICY REGARDING ACCESS TO JUDICIAL PROGRAMS, as well as REQUEST FOR MODIFICATION form may be found online at: www.tncourts.gov

Page 1 of 1 page.
NOTICE: AMERICANS WITH DISABILITIES ACT
FORM 167A REV. 2015.05.19

Case 1:24-cv-00018-CEA-SKL    Document 1    Filed 01/19/24    Page 16 of 19    PageID #: 16



**Tre Hargett**
Secretary of State

**Division of Business Services**
**Department of State**
State of Tennessee
312 Rosa L. Parks AVE, 6th FL
Nashville, TN 37243-1102

OKEEFE, MATT
17 ROBIN HILL RD
DANVERS, MA 01923

12/12/2023

RE: TIA-CLAIR TOOMEY

VS: MATT O'KEEFE

## Notice of Service

The enclosed process, notice or demand is hereby officially served upon you by the Tennessee Secretary of State pursuant to Tennessee law. Please refer to the process, notice or demand for details concerning the legal matter. If you have any questions, please contact the clerk of the court that issued the process, notice or demand.

The process, notice or demand may have a court date and time that you must appear to defend yourself or the number of days from the date of service by which you are required to file an answer. Failure to appear in court at the time specified or failure to file an answer in the given time could result in a default judgement being rendered against you for relief sought in the lawsuit.

The Secretary of State's office cannot give you legal advice. If you need legal advice, please consult a private attorney.

*Tre Hargett*
Tre Hargett
Secretary of State

Enclosures: Original Documents

### DOCUMENT INFORMATION
SOS Summons #: 14578831
Case #: 23-0796
Certified #: 9489009000276552606628

SS-4214 (Rev. 8/15)

RDA 1003

TIA-CLAIR TOOMEY,

                Plaintiff,

Docket No. 23-0796

vs.

MATT O'KEEFE,

                Defendant.

_____/

## NOTICE OF FILING NOTICE OF REMOVAL

Please take notice that, on January 19th, 2024, Defendant Matt O'Keefe filed a Notice of Removal, attached hereto, and removed this case to the United States District Court for the Eastern District of Tennessee.

Please also take notice that Defendant, on filing such Notice of Removal in the United States District Court for the Eastern District of Tennessee, also filed a copy thereof with the Clerk of the Chancery Court of Hamilton County, Tennessee. Pursuant to 28 U.S.C. §1446(d), this Court shall proceed no further unless this case is remanded.

Respectfully submitted,

EVANS HARRISON HACKETT PLLC

By: _____
Scott M. Shaw, BPR No. 019171
835 Georgia Avenue, Suite 800
Chattanooga, TN 37402
Telephone:   423-648-7890
Facsimile:    423-648-7897
Email: sshaw@ehhlaw.com
*Attorneys for Defendant*

NOT FILED

1

EXHIBIT 2

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via email and U.S. Mail this 19th day of January, 2024 upon Ronald J. Berke, Esq. (email: ronnie@berkeattys.com), Berke, Berke, & Berke, 420 Frazier Avenue, Post Office Box 4747, Chattanooga, TN 37450.

Scott M. Shaw